## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE NORWOOD, | § | No. 194, 2017 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0405006248 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 16, 2017
Decided: September 11, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 11th day of September 2017, after careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Tyrone Norwood, filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief under Superior Court Criminal Rule 61. The appellee, State of Delaware, has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Norwood's opening brief that the appeal is without merit. We agree and affirm.

(2) Norwood pled guilty and was sentenced in 2005 for murder second degree and related offenses. The convictions and sentence were affirmed on direct appeal.[1] In 2012, Norwood filed a motion for postconviction relief under Rule 61. After responsive pleadings and affidavit, a Superior Court Commissioner issued a report finding that Norwood's claims were not supported by the record and recommending that the motion should be denied. After the Superior Court adopted the Commissioner's report and denied Norwood's motion, we affirmed the Superior Court's judgment.[2]

(3) On April 26, 2017, Norwood filed a "motion for evidentiary hearing" asking to withdraw his guilty plea. The Superior Court considered the motion under Rule 61 and summarily dismissed the motion under Rule 61(d)(2).[3] This appeal followed.

(4) Norwood argues on appeal that Rule 61(d)(2) does not apply to a motion seeking relief from a guilty plea entered in 2005. The argument is without merit. Norwood's motion was controlled by the version of Rule 61(d)(2) in effect on April 26, 2017, when he filed the motion, not by a former version of the rule as he now contends.[4]

---

[1] *Norwood v. State*, 2006 WL 2190585 (Del. Aug. 1, 2006).

[2] *Norwood v. State*, 2013 WL 5614266 (Del. Oct. 10, 2013).

[3] *State v. Norwood*, 2017 WL 1735362 (Del. Super. May 1, 2017).

[4] *See* Del. Super. Ct. Crim. R. 61(d)(2) (amended June 4, 2014, and applying to postconviction motions filed on or after that date).

(5)    Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted *after a trial* and the motion satisfies the pleading requirements of subsections (2)(i) or (2)(ii).[5]    Here, because the motion was Norwood's second motion for postconviction relief following *a guilty plea*, the motion was subject to summary dismissal under Rule 61(d)(2).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Id.* R. 61(d)(2)(i), (ii).

3